IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DUSTIN D. SWEETLAND                               PLAINTIFF

v.                            Civil No. 2:19-CV-02023

JAILER FLORANCE (Greenwood Police                               DEFENDANTS
Department), JAIL ADMINISTRATOR
PEVEHOUSE, SHERIFF HOLLENBECK
and DOE MEDICAL SUPERVISOR
(Sebastian County Detention Center)

**ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on January 31, 2019. (ECF No. 1). It was transferred to this District on February 5, 2019. (ECF No. 4). That same day, the Court entered an Order directing Plaintiff to file an Amended Complaint. (ECF No. 7). Plaintiff did so on February 19, 2019. (ECF No. 8). Plaintiff was granted *in forma pauperis* (IFP) status on March 7, 2019. (ECF No. 9). Plaintiff had previously filed his claims in Case No 2:17-cv-02153, which was dismissed without prejudice on July 23, 2018 for failure to comply with a Court Order and failure to prosecute the case.

Plaintiff alleges his constitutional rights were violated on February 4, 2017, while he was incarcerated in the Sebastian County Detention Center (SCDC). (ECF No. 8 at 8). He alleges

1

Deputy Florance and Deputy England[1] were to take him from Holding Cell Three to the Hospital Cell. Florance told Plaintiff to give him his shoes and his artificial leg. (*Id.*). Plaintiff refused to do so because medical staff had told him he could keep his shoes and leg. (*Id.*). Florance then "twisted and ripped" Plaintiff's artificial leg off, causing his knee to pop out of place. (*Id.*). Florance also proceeded to elbow and punch Plaintiff in the face about 8-10 times. (*Id.*). England pulled Florance off, but Florance "broke free" and hit Plaintiff another 8-10 times. (*Id.*). Florance then drug Plaintiff to the front of the holding cell "bleeding and choking the whole way," and he was not able to stand up because he was missing his artificial leg and his knee was out on his other leg. (*Id.*). The nurse came to the holding cell, and Plaintiff was drug back into the cell without his leg or shoes. (*Id.*). Florance and England left him in Holding Cell Three for over a week with no medical attention, even though he "asked for medical numerous times." (*Id.* at 9). Plaintiff alleges his knee and arm were swollen and bruised so badly he could not use them for days. (*Id.*). He was never permitted to see medical, but pictures were taken of his knee and face immediately after the incident. (*Id.*). Plaintiff alleges he did not fight or resist in any way and did not deserve the beating. (*Id.*).

Plaintiff proceeds against all Defendants in their personal and official capacities. (*Id.* at 4). He seeks compensatory and punitive damages. (*Id.* at 7).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff does not name Deputy England as a Defendant in this case.

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

**A. Sheriff Hollenbeck, Jail Administrator Pevehouse, and Doe Medical Supervisor**

"Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. *Martin*, 780 F.2d at 1337.

Defendants Hollenbeck, Pevehouse, and Doe Medical Supervisor are named as Defendants in this case. (ECF No. 1 at 2-3, 5). Plaintiff does not, however, provide any specific factual allegations detailing how they were involved in, or responsible for, any purported violation of his constitutional rights. To the extent Plaintiff named Defendants because they are in positions of authority in SCDC, he may not bring a claim solely on the theory of *respondeat superior*. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978) (A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.).

Accordingly, Plaintiff fails to state any cognizable claims against these Defendants.

3

### B. Official Capacity Claims

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman*, 152 F.3d at 914.

Here, Plaintiff fails to identify any custom or policy of Sebastian County which caused a violation of his rights. He has, therefore, failed to state any plausible official capacity claims.

### IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's official capacity claims and his personal capacity claims against Sheriff Hollenbeck, Jail Administrator Pevehouse and Doe Medical Supervisor are DISMISSED WITHOUT PREJUDICE. Plaintiff's personal capacity claims for excessive force and denial of medical care against Defendant Florance remain for consideration.

IT IS SO ORDERED this 1st day of April 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE