IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DUSTIN D. SWEETLAND                                                                PLAINTIFF

v.                              Civil No. 2:19-CV-02023

JAILER FLORANCE                                                                    DEFENDANT

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to provide a service address for Defendant Florance.

### I. BACKGROUND

Plaintiff initially filed the claims in this case in *Sweetland v. Florance*, Case No. 2:17-cv-02153. That case was dismissed without prejudice on July 23, 2018, after Plaintiff was unable to provide the Court with an address to successfully serve Defendant Florance, the sole remaining Defendant. (ECF No. 24 in Case No. 2:17-cv-02153). On October 25, 2018, Plaintiff filed a Motion to Reopen the case, stating he now had information that Defendant Florance was working for the Greenwood Police Department. (ECF No. 25 in Case No. 2:17-cv-02153). Noting that Plaintiff had been given two opportunities over several months to provide service information for Defendant Florance, Plaintiff's request to reopen that case was denied. Plaintiff was advised he was free to file a new case. (ECF No. 26 in Case No. 2:17-cv-02153).

Plaintiff filed his Complaint in this case in the Eastern District of Arkansas on January 31, 2019. (ECF No. 2). It was transferred to this District on February 5, 2019. (ECF No. 4). The Court unsuccessfully attempted to serve Defendant Florance on two separate occasions. (ECF No's. 13, 15, 20, 22). On June 21, 2019, the Court directed Plaintiff to provide service information for Defendant Florance by August 20, 2019. (ECF No. 24). On September 6, 2019 Plaintiff was

1

granted an extension to provide the service information by September 27, 2019. (ECF No. 26). To date, Plaintiff has not provided any additional service information for Defendant Florance.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 11th day of October 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE